UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| U-HAUL CO. OF ARIZONA<br><br>         Plaintiff,<br><br>v.<br><br>DEBORAH HIBBARD; SUSAN WEBB; ROSE VICTORIA SAUNDERS; JONATHAN JACOB GARCIA; GENESIS GARCIA; N.G., a minor; MARWAN MOHAMMED CASHOU; CHANDALE LESHEA WASHINGTON; EAN HOLDINGS LLC; GEICO (GOVERNMENT EMPLOYEES INSURANCE COMPANY); NATIONWIDE MUTUAL INSURANCE COMPANY; ALLSTATE INSURANCE COMPANY; PROGRESSIVE (COUNTY MUTUAL) INSURANE COMPANY<br><br>         Defendants. | Civil Action No. 5:19-cv-987 |

### U-HAUL CO. OF ARIZONA'S COMPLAINT IN INTERPLEADER

1.      Interpleader-Plaintiff U-Haul Co. of Arizona ("Plaintiff") files this petition in interpleader, under 28 U.S.C. § 1335 or, alternatively, under Federal Rule of Civil Procedure 22, against Interpleader-Defendants ("Defendants") arising out of a motor vehicle collision that occurred on June 26, 2019, in San Antonio, Texas.

## I.    THE PARTIES

2. Plaintiff U-Haul Co. of Arizona is an equipment rental company organized and existing under the laws of Arizona with its principal place of business in Phoenix, Arizona.

3. Upon information and belief, Interpleader-Defendant Deborah Hibbard is an adult individual who is domiciled in Texas and currently resides at 2700 Eastover Drive, Odessa, Texas 79762.

4. Upon information and belief, Interpleader-Defendant Susan Webb is an adult individual who is domiciled in Texas and currently resides at 12318 Ledger Lane, Houston, Texas 77015.

5. Upon information and belief, Interpleader-Defendant Rose Veronica Saunders is an adult individual who is domiciled in Texas and currently resides at 200 Clydesdale Drive, San Antonio, Texas 78106.

6. Upon information and belief, Interpleader-Defendant Jonathan Jacob Garcia is an adult individual who is domiciled in Texas and currently resides at 23200 Cardigan Chase, San Antonio, Texas 78758.

7. Upon information and belief, Interpleader-Defendant Genesis Garcia is an adult individual who is domiciled in Texas and currently resides at 23200 Cardigan Chase, San Antonio, Texas 78758.

8. Upon information and belief, Interpleader-Defendant N.G. is a minor who is domiciled in Texas and resides with Jonathan Jacob and Genesis Garcia.

9. Upon information and belief, Interpleader-Defendant Marwan Mohammed Cashou is an adult individual who is domiciled in Texas and currently resides at 22300 Mesa Butte, San Antonio, Texas 78258.

10. Upon information and belief, Interpleader-Defendant Chandale Leshea Washington is an adult individual who is domiciled in Texas and currently resides at 8314 Montgomery Circle, San Antonio, Texas 78239.

11. Upon information and belief, Interpleader-Defendant EAN Holdings LLC, is a limited liability company organized under the laws of Delaware whose sole member is Enterprise Holdings, Inc., a Missouri corporation with its principal place of business in St. Louis, Missouri, which may be served with process through its registered agent CT Corporation System, 120 South Central Avenue Clayton, Missouri 63105.

12. Upon information and belief, Interpleader-Defendant GEICO (Government Employees Insurance Company) is a Maryland corporation with its principal place of business at 5260 Western Avenue, Chevy Chase, Maryland 20815.

13. Upon information and belief, Interpleader-Defendant. Nationwide Mutual Insurance Company is an Ohio corporation with its principal place of business at One Nationwide Plaza, Columbus, Ohio 43215.

14. Upon information and belief, Interpleader-Defendant Allstate Insurance Company is an Illinois corporation with its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062.

15. Upon information and belief, Interpleader-Defendant Progressive (County Mutual) Insurance Company is an Ohio corporation with its principal place of business at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

## II.  JURISDICTION AND VENUE

16.  This Court has original jurisdiction under 28 U.S.C. § 1335 because the funds interpleaded into this Court's registry exceed $500 and there is minimal diversity among the Defendants because at least two of the Defendants are citizens of different states.

17.  Alternatively, this Court has original jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and there is diversity of citizenship among the parties because none of the Defendants is an Arizona citizen.

18.  Irrespective of whether the Court bases its jurisdiction on 28 U.S.C. §§ 1335 or 1332, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.  FACTS SUPPORTING INTERPLEADER

19.  On June 26, 2019, multiple vehicles crashed in the 2000 block of North Loop 1604E in San Antonio, Texas.

20.  According to the crash report completed by the investigating San Antonio police officer and attached as **Exhibit A** to this Complaint in Interpleader, as traffic backed up on the road, a Ford F650 owned by U-Haul Co. of Arizona and driven by Brian Forsberg, an adult individual who is domiciled in Wisconsin and currently resides at 100 Riverheath Way, Appleton, Wisconsin 54915, struck the rear of the vehicle in front of him driven by Deborah Hibbard, causing a multi-vehicle collision.  *See generally* Ex. A.

21.  The crash report states that, in the investigating officer's opinion, Forsberg contributed to the accident due to "[d]istraction in the vehicle" and "[d]river inattention."  *See id*. at 2.

22. The vehicle Forsberg was operating at the time of the accident was owned by U-Haul Co. of Arizona, which is self-insured through "Safe Move" provided by Repwest Insurance, which provides insurance for U-Haul Co. of Arizona's vehicles. *See* Equipment Contract, attached as **Exhibit B**.

23. The equipment rental contract between Forsberg and U-Haul Co. of Arizona "provides the Customer with minimum limits of protection required by that state or province where arises any claim, suit or cause of action …. [and the] Customer assumes Sole Responsibility for any and all liability that exceeds the applicable minimum limits protection for that state …." *Id*.

24. In Texas, the minimum amount of motor vehicle liability insurance coverage required to establish financial responsibility is $85,000 total:  $30,000 for bodily injury or death of one person in an accident; $60,000 for bodily injury or death of two or more persons in one accident; and $25,000 for damage to or destruction of property of others in one accident. TEXAS TRANSP. CODE, **§** 601.072.  U-Haul Co. of Arizona provides the minimum limits of liability insurance protection on its vehicles as required by Texas law.  *See* Ex. B.

25. To avoid protracted, inefficient litigation, Plaintiff tenders the minimal financial responsibility that is required under TEXAS TRANSP. CODE § 601.072.

IV. **APPROPRIATENESS OF INTERPLEADER**

26. Plaintiff U-Haul Co. of Arizona claims no interest in the insurance funds to be paid under the terms of the equipment rental contract between it and Forsberg and is ready and willing to pay the funds to the person(s) entitled to them.  However, Plaintiff is unable to make that determination without exposing itself to double or multiple liability on account of the potential competing claims made by or available to Defendants.  Thus, Plaintiff is making an unconditional

tender of the disputed insurance proceeds into the Court's registry, equaling a total amount of $85,000.00.

27. Plaintiff has no means other than this Interpleader action of protecting itself against the vexation of multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the Defendants as to the interpleaded funds.

28. Plaintiff is a mere stakeholder in this action having no interest in the insurance funds. Plaintiff is depositing the $85,000.00 at issue into this Court's registry and disclaims any further involvement in this matter.

## V.     PRAYER

29. **WHEREFORE**, U-Haul Co. of Arizona respectfully requests that this Court grant the following relief:

A. Allowing U-Haul Co. of Arizona to interplead the funds at issue as a statutory interpleader under 28 U.S.C. § 1335 or, if minimal jurisdiction is lacking, as a rule interpleader under 28 U.S.C. § 1332 and Federal Rule of Civil Procedure 22;

B. Appointing the guardian defendant or another appropriate individual as guardian *ad litem* for minor Defendant N.G.;

C. Directing the Defendants to assert their rights to such sum;

D. Restraining the Defendants, and each of them, from instituting or maintaining any action against Plaintiff to recover such sum under 28 U.S.C. § 2361 or, alternatively, this Court's equitable powers;

E. Discharging Plaintiff from all liability to the Defendants arising out of the matters set forth herein having paid $85,000.00 in insurance funds into this Court's registry;

F. Entry of an Order awarding Plaintiff its reasonable attorney's fees and costs necessitated by the bringing of this action; and

G. Such other relief as is deemed just and proper.

Respectfully,

By: /s/ *Bradford Hendrickson*
Bradford Hendrickson
Texas Bar No. 24083166
bhendrickson@lightfootlaw.com
Sanford G. Hooper (*WDTX Admission Application Forthcoming*)
Texas Bar No. 24110837
shooper@lightfootlaw.com
Charles M. Stam (*WDTX Admission Application Forthcoming*)
Texas Bar No: 24106462
cstam@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, LLC
1885 St. James Place, Ste. 1150
Houston, Texas 77056
Phone: (713) 960-1488
Fax: (713) 960-8991

**ATTORNEYS FOR INTERPLEADER-PLAINTIFF U-HAUL CO. OF ARIZONA**